**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CARY L. PETERSON, | : | |
| | : | |
| Petitioner, | : | Civ. No. 23-725 (GC) |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA, | : | **MEMORANDUM & ORDER** |
| | : | |
| Respondent. | : | |

**CASTNER, District Judge**

Petitioner, Cary L. Peterson ("Petitioner" or "Peterson"), is proceeding *pro se* with a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (*See* ECF 1). Also pending before this Court is Petitioner's Motion for the Court to take Judicial Notice of Adjudicative Facts. (*See* ECF 4).

Local Civil Rule 81.2 provides:

> Unless prepared by counsel, . . . motions under 28 U.S.C. §2255
> shall be in writing (legibly handwritten in ink or typewritten), signed
> by the petitioner or movant, on forms supplied by the Clerk.

L. Civ. R. 81.2(a). Petitioner did not use the § 2255 form supplied by the Clerk of this Court for section 2255 motions, *i.e.*, AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014). Thus, this matter will be administratively terminated.[1] Plaintiff's outstanding Motion for the Court to take Judicial Notice of Adjudicative Facts will also be administratively terminated considering this Court's administrative termination of the entire case.

---

[1] It is not particularly clear if Petitioner seeks relief under § 2255 or some other provision. However, given that Petitioner has neither paid the $5.00 filing fee nor applied to proceed *in forma pauperis* as would be required if Petitioner were seeking habeas relief aside from § 2255, this case would be administratively terminated for that initial filing defect as well.

Therefore, IT IS on this _9th_ day of March, 2023,

ORDERED that the Clerk shall administratively terminate this case; Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, *see Papotto v. Hartford Life & Acc. Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals); *Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3rd Cir. 2011) ("[The] statute of limitations is met when a [motion] is submitted to the clerk before the statute runs …."); and it is further

ORDERED that Petitioner's Motion for Judicial Notice of Adjudicative Facts (ECF 4)  is administratively terminated given this Court's administrative termination of the entire case; and it is further

ORDERED that the Clerk's service of the blank section 2255 form shall not be construed as this Court's finding that the § 2255 motion is or is not timely, or that Petitioner's claims are or are not procedurally defaulted; and it is further

ORDERED that if Petitioner wishes to reopen this case and pursue it under § 2255, he shall so notify the Court, in a writing within thirty (30) days of the date of entry of this Memorandum and Order; Petitioner's writing shall include a complete, signed § 2255 motion on the appropriate form supplied by the Clerk; and it is further

ORDERED that upon receipt of a writing from Petitioner stating that he wishes to reopen this case, and a complete, signed § 2255 motion on the form supplied by the Clerk, the Clerk will be directed to reopen this case; and it is finally

ORDERED that the Clerk shall serve a copy of this Memorandum and Order and a blank section 2255 form - AO243 (modified): DNJ-Habeas-004 (Rev. 01-2014) on Petitioner by regular U.S. mail.

GEORGETTE CASTNER
United States District Judge